**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| Deutsche Bank National Trust Company, etc., <br><br> Plaintiff, <br><br> v. <br><br> Jesse Yanez, et al. <br><br> Defendants. | ED-15-CV-02462-VAP-DTBx <br><br> **ORDER (1) VACATING FEBRUARY 22, 2015 HEARING; (2) GRANTING MOTION TO REMAND** |

      On October 5, 2015, Plaintiff Deutsche Bank National Trust Company, as Trustee for Residential Asset Securitization Trust 2006-A3CB Mortgage Pass-Through Certificates, Series 2006-C ("Deutsche Bank") filed a Complaint in the California Superior Court for the County of San Bernardino for Unlawful Detainer against Defendants Jesse Yanez and Mary Yanez ("Defendants"), in case number UDFS 1507720.  (See Ex. A to Not. of Removal (Doc. No. 1).)  On December 2, 2015, Defendants, appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, asserting that Deutsche Bank violated the Fair Housing Act ("FHA").  (See Not. of Removal.)  On January 12, 2016, Plaintiff filed a Motion to Remand.  (Doc. No. 5, "Motion.")  For the following reasons, the Court GRANTS the Motion and REMANDS the action to the California Superior Court for the County of San Bernardino.

## I.  REMOVAL JURISDICTION

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendants allege the basis for removal is federal question and diversity jurisdiction, pursuant to the FHA.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).

Defendants assert that jurisdiction exists in this case under federal question jurisdiction because "the underlying lawsuit for unlawful detainer contains known violations for civil rights under Disability Sections of the Fair Housing Act."  (Not.

of Removal at 3.)  As the Complaint in this matter raises a single claim for unlawful detainer and does not allege any facts related to the FHA, the Court must conclude that the Defendants intend to raise the FHA as a defense.

Section 1331 confers jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The existence of a federal defense (by itself) does not, however, raise a federal question; it is therefore an insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and consequently cannot support removal of an action.  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Though Defendants do not state it specifically, the Notice of Removal also appears to argue that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  (See Not. of Removal at 3.)  Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).  In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff." Id.  Defendants failed to allege their own citizenship in the Notice of Removal.  (See Not. of Removal.)  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  As the Notice of Removal only mentions Defendants' residence and not their citizenship, the Notice of Removal is insufficient to invoke the Court's diversity jurisdiction.

3

Even if Defendants' Notice of Removal did affirmatively allege their citizenship, Defendants cannot meet the amount-in-controversy requirement. In unlawful detainer actions, only the right to possession is at issue, not the title to the property. See Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). Thus, the amount-in-controversy is determined by the amount of damages sought in the complaint, rather than the value of the subject real property. Id.

Plaintiff filed this action as a "limited jurisdiction" case, where the amount-in-controversy does not exceed $10,000. (See Compl. at 1.) As such, this case cannot meet the $75,000 amount-in-controversy requirement for diversity jurisdiction. See 28 U.S.C. § 1332.

Further, Plaintiff correctly notes that removal was untimely. (Motion at 4.) Under 28 U.S.C. § 1446(b), the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The Summons and Complaint in this matter were served on October 12, 2015, and then mailed on October 13, 2015. (Motion at 4-5.) The Notice of Removal was filed on December 2, 2015, nearly two months after service. (Doc. No. 1.) Therefore, removal was untimely.

Thus, Defendants have not met their burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

Defendants also requested attorneys' fees in the amount of $1,615.00. (Motion at 7-8.) Under 28 U.S.C. § 1447(c), courts may award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts have "wide discretion" in determining whether or not to award attorneys' fees. Moore v. Permanent Medical Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992); accord Braco v. MCI Worldcom Communications, Inc., 138 F.Supp.2d 1260, 1266 (C.D. Cal. 2001). Thus, whether or not such an award is appropriate is within the discretion of the trial court. The Court, in the exercise of its discretion, declines to award attorneys' fees to Defendant.

The Court cautions Defendants that future attempts to remove this action may be grounds for monetary sanctions or a finding that they are vexatious litigants.

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of Riverside.

**IT IS SO ORDERED.**

Dated:  2/11/16

Virginia A. Phillips
United States District Judge